UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL BLACK and MAIRE BLACK, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, a Federal Corporation, the INTERNAL REVENUE SERVICE, the DEPARTMENT OF TREASURY, and W.H. WALTON, in his official capacity,<br><br>Defendants. | NO. CV-08-102-RHW<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Before the Court is Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice (Ct. Rec. 37). The motion was heard without oral argument.

Plaintiffs ask the Court to dismiss the above-captioned case without prejudice because Defendants have not filed an answer, pursuant to Fed. R. Civ. P 41(a)(1).[1] Defendants object. Defendants argue that because they filed a Motion for Summary Judgment, Rule 41(a)(2) applies.[2]

---

[1] Rule 41(a)(1) provides, in pertinent part:

the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

[2] Rule 41(a)(2) provides, in pertinent part:

an action may be dismissed at the plaintiff's request only by court

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE ~ 1**

It is true that if Defendants had filed a Motion for Summary Judgment, Rule 41(a)(2) would apply. However, in this case, Defendants filed a Motion to Dismiss and in the alternative moved for summary judgment (Ct. Rec. 23). And case law is clear. The filing of a motion to dismiss does not trigger Rule 41(a)(2). *See Swedberg v. Marotzke,* 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration. Until the district court has so acted, a plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1)."); *see also Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."). Here, although Defendants styled their motion as a motion for summary judgment in the alternative, they did not provide a Statement of Facts as would be required for a proper Rule 56 motion. *See* LR 56.1 Defendants motion is properly characterized as a motion to dismiss.

The Court finds that because Defendants have not file an answer or a motion for summary judgment, Plaintiffs are permitted to voluntarily dismiss the action without prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Voluntarily Dismiss without Prejudice (Ct. Rec. 37) is **GRANTED**.

2. Defendants' Motion to Dismiss Amended Complaint (Ct. Rec. 23) is **DENIED**, as moot.

3. The above-captioned complaint is **dismissed** without prejudice order, on terms that the court considers proper.

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE ~ 2**

1  **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2  Order, forward copies to Plaintiffs and counsel, and close the file.
3  **DATED** this 27th day of January, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\Black\dismiss2.wpd

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE ~ 3**